PROB 12C
(6/16)

Report Date: August 13, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Chad Michael Anderson                Case Number: 0980 2:10CR00088-WFN-1

Address of Offender:                                   Spokane, Washington 99207

Name of Sentencing Judicial Officer: The Honorable Justin L. Quackenbush, Senior U.S. District Judge
Name of Supervision Judicial Officer: The Honorable W. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: November 30, 2011

| | |
|---|---|
| Original Offense: | Possession With the Intent to Distribute 50 Grams or More of Pure (Actual) Methamphetamine, 21 U.S.C. § 841(a)(1) |

| | | | |
|---|---|---|---|
| Original Sentence: | Prison - 120 months<br>TSR - 60 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Stephanie A. Van Marter | Date Supervision Commenced: | April 19, 2019 |
| Defense Attorney: | J. Houston Goddard | Date Supervision Expires: | April 18, 2024 |

## PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 01/21/2021, 07/20/2021 and 07/27/2021.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8 | **Special Condition #16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: On July 22, 2021, Chad Anderson allegedly violated the conditions of his supervision by failing to report for phase urinalysis testing when his assigned color was identified.<br><br>On April 19, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Anderson, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.<br><br>On July 28, 2021, this officer received notification from Pioneer Human Services (PHS) that the offender failed to report for phase urinalysis testing on July 22, 2021, when his assigned color was identified. |

On that same date, July 28, 2021, Mr. Anderson was contacted regarding the information received from PHS. The offender subsequently acknowledged he had not reported for phase urinalysis testing on that date because he had not even called into the hotline on that date, and thus was unaware his assigned color had been identified for testing.

9   **Special Condition #15**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: On July 23, 2021, Chad Anderson allegedly violated the conditions of his supervision by failing to participate in substance abuse treatment with PHS as required.

On April 19, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Anderson, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On July 28, 2021, the undersigned officer received notification from PHS that the offender failed to report for his scheduled appointment on July 23, 2021. According to the information received, the clinician attempted to contact Mr. Anderson three times, but did not receive an answer or response from the offender.

10  **Special Condition #16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On July 29, 2021, Chad Anderson allegedly violated the conditions of his supervision by submitting a urine sample that tested presumptive positive for methamphetamine.

On April 19, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Anderson, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.
On July 29, 2021, after appearing in Court for his initial appearance, Mr. Anderson was instructed to report to the U.S. Probation Office in order to submit to random urinalysis testing. The offender claimed he would not be able to provide a sample before his supervised release violation hearing, which was scheduled before Your Honor shortly thereafter.

On July 29, 2021, the offender appeared before Your Honor, who reiterated the offender's requirement to submit to random urinalysis testing.

Shortly thereafter, Mr. Anderson reported to the U.S. Probation Office and was extremely upset. The offender insisted he would "admit to whatever this officer wanted him to admit to," but the undersigned informed Mr. Anderson that would not suffice. He eventually provided a urine sample that was presumptive positive for methamphetamine, and signed an admission of use form admitting to the use of methamphetamine on or about July 28, 2021.

11      **Special Condition #16**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

         **Supporting Evidence**: On August 10, 2021, Chad Anderson allegedly violated the conditions of his supervision by failing to report for phase urinalysis when his assigned color was identified for testing.

         On April 19, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Anderson, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

         In the evening of August 10, 2021, the offender sent this officer a text message claiming he had arrived at PHS after testing had concluded, and thus was unable to submit a urine sample. In that text message, Mr. Anderson requested the undersigned officer allow him to "make it up tomorrow."

12      **Standard Condition #2**: The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

         **Supporting Evidence**: On August 11, 2021, Chad Anderson allegedly violated the conditions of his supervision by failing to report to the assigned probation officer as instructed.

         On April 19, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Anderson, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

         On the morning of August 11, 2021, this officer attempted to contact the offender in response to a text message he had sent the undersigned the evening before requesting the opportunity submit to urinalysis testing on this date, but Mr. Anderson did not answer. The assigned officer subsequently left the offender a voice and text message instructing him to report to this officer by 9 a.m.

         Shortly before 9:00am, on August 11, 2021, the undersigned again attempted to contact the offender, but was again unsuccessful. At that time, this officer left another voice message reiterating the offender's requirement to report by 9 a.m.

         Mr. Anderson did not respond to the assigned officer until approximately 4 p.m. the afternoon of August 11, 2021.

13      **Standard Condition #9**: The defendant shall not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

         **Supporting Evidence**: On August 11, 2021, Chad Anderson allegedly violated the conditions of his supervision by associating with Molly Brown, a federally convicted felon who had an outstanding warrant for her arrest.

Prob12C
**Re: Anderson, Chad Michael**
**August 13, 2021**
Page 4

On April 19, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Anderson, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On August 11, 2021, this officer received information from law enforcement that Molly Brown, a wanted federal felon, had been associating with Mr. Anderson; it was believed that Ms. Brown was at the offender's home at the time the undersigned was contacted.

Later on that date, August 11, 2021, law enforcement informed the undersigned officer that Molly Brown had been arrested shortly after she was seen departing Mr. Anderson's residence. When questioned by law enforcement, Ms. Brown admitted she had been at Chad Anderson's home.

14    **Standard Condition #2**: The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

**Supporting Evidence**: On August 12, 2021, Chad Anderson allegedly violated the conditions of his supervision by failing to report to the assigned probation officer as instructed.

On April 19, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Anderson, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

On August 11, 2021, after the offender had failed to report to the undersigned officer that morning as instructed, Mr. Anderson called this officer at approximately 4 p.m. Because it was shortly before the close of business, the offender was subsequently instructed to report to the U.S. Probation Office at 9 a.m. on August 12, 2021.

On August 12, 2021, Mr. Anderson failed to report to the U.S. Probation Office as instructed. The undersigned officer attempted to contact the offender, via a telephone call and text message, but did not receive an answer or response.

The offender subsequently contacted this officer and claimed that he had missed his appointment with this officer because he had overslept. He further claimed that he had been exposed to the COVID-19 virus, although he failed to mention the possible exposure the day prior when his appointment was scheduled.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    08/13/2021

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

Prob12C
Re: Anderson, Chad Michael
August 13, 2021
Page 5

THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Signature of Judicial Officer

_8/13/2021_____
Date